Block
Colt, J
7016

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SUSAN CARSON<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant. | ) | No. 05-612C<br>(Judge Block) |

RECEIVED
2006 FEB 11 A 10:12

## PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS TO DEFENDANT

Please take notice that Plaintiff Dr. Susan Carson requires the Defendant to produce the following documents listed below in accordance with the rules of the Court. Defendant is required to deliver the requested documents to the office of her attorney at 1100 Fifteenth Street, N.W., Suite 300, Washington, D.C. 20005, within thirty (30) days from the date of service.

## GENERAL INSTRUCTIONS

A. Each of the document requests is intended to be continuing and Plaintiff demands that the Agency promptly and seasonably provide Plaintiff such further or additional documents responsive to these requests at anytime the Agency acquires such additional knowledge, facts or information.

B. Unless otherwise indicated, these document requests refer to the time, place and circumstances mentioned or referred to in the Complaint.

154-05-612
CB

C. If any of the requested documents are no longer in the Agency's possession, custody, or control, the Agency should state, with respect to each particular document: when the document was most recently in the Agency's possession, custody or control; the disposition made of the document; and the identity of the person or entity currently in possession, custody, or control of such document.

D. If any of the requested documents have been destroyed, the Agency should state the reason for the destruction, the identity of the person or entity who destroyed the document, and the identity of the person or entity who directed that the document be destroyed.

E. In answering these document requests, the Agency must furnish all documents or information that is in its possession or the possession of their agents, employees, representatives and attorneys.

F. If any of these document requests cannot be answered in full, or if the Agency objects to some part of the request, the Agency must produce the requested documents to the fullest extent possible, specifying the reasons for their inability or refusal to provide the remainder and stating whatever information, knowledge, or belief they now have concerning the unproduced portions.

G. If the Agency claims any privilege as to any documents, it should state the basis of the privilege and identify specifically the title, author, recipients, and general subject matter of all privileged documents in order for the Court and the parties may determine the validity of the claim of privilege.

H. All documents produced in response to this request shall be produced in an orderly manner and with appropriate identification or designation of the Request to which

the documents respond(s), as well as the source of the document, the file in which it was maintained and the person to whom such file belonged.

I. If there are any questions as to the meaning of any part of this Request, counsel for Plaintiff shall be contacted promptly.

**DEFINITIONS**

A. "Document" or "documents" means the original or any copy regardless of location, of any writing or record, whether printed recorded, reproduced by any other mechanical process, or written or produced by hand, including but not limited to, books, pamphlets, periodicals, letters, memoranda, correspondence, telegrams, facsimiles, reports, records, minutes, inter-office or intra-office communications, photographs, videotape recordings, computer printouts, computer disks, information stored in computer memory drives of any kind, or other notes, papers, applications, tapes, discs, recordings, or any other written, printed, typewritten, recorded, transcribed, filed, or graphic matter, however produced or reproduced, to which the Agency has or had access.

B. The word "person(s)" shall mean any natural person or any business, legal or governmental entity or association, including without limiting the generality of the foregoing, all individuals, sole proprietors, associations, companies, partnerships, joint ventures, corporations, trusts and estates, and any agency of government or investigative body of any kind.

C. The word "or" shall mean "and/or."

D. The terms "relate or refer to" or "concerning or relating to" mean anything that constitutes, contains, evidences, embodies, comprises, reflects, identifies, states,

refers to, deals with, comments on, responds to, describes, analyzes or is in any way relevant or logically connected to the subject matter at issue.

E. "You" or "your" refers collectively to the Agency, as well as its agents, employees, representatives and attorneys.

F. "Complaint" refers to the complaint filed by Plaintiff.

G. "Communication" means the transmittal of information (in the form of facts, ideas, inquires or otherwise) and by way of example includes, without limitation, any conversation, letter, note, affidavit, memorandum, inter-office or intra-office correspondence, telephone call, telecopy, facsimile, e-mail, conference, tape recording, discussion or face to face communication.

H. "Identify" or "describe" means, when used in reference to:

1. A natural person, his or her:

(a) full name;

(b) present or last known home and business address (including street number and name, city or town, state, and zip code) and telephone number; and

(c) present or last known employer, position, job title, and job description.

2. A company, corporation, association, partnership, joint venture, or any legal entities other than a natural person, its:

(a) full name;

(b) address and telephone number of its principal office or place of business; and

(c) nature of business.

3. "Document," "Documents," or "written material," the:

(a) name and date of documents;

(b) name and address of the person or persons originating the document and the person or persons to whom the document is addressed;

(c) the firm, agency, or company with which all such persons are connected as of the date of the document.

(d) to describe in general the subject matter of the documents; and

(e) if any copy of the document exists, to identify each person(s) having custody of the documents.

4. In the case of an act, event or fact, to state:

(a) a description of the act, event or fact;

(b) when and where the act, event or fact occurred;

(c) the identity of the person(s) performing said act (or, in the case of an omission, the identity of the person(s) failing to act) or involved in the event, or who or what provided the fact;

(d) the identity of all persons who have information, knowledge or belief about the act, event or fact.

5. "Agency" refers to the U.S. Department of Health and Human Services, National Institutes of Health, Office of Technology Transfer.

1. Produce all documents relied upon in responding to Dr. Carson's First Set of Interrogatories and Request for Admissions to the Defendant.

2. Produce all personnel policies, position descriptions, procedures, manuals, instructions, reports, memoranda, or directives, whether formal or informal, relied upon, or referring or relating to, the job duties and responsibilities of a Technology License Specialist ("TLS"), GS-13 and GS-14 levels.

3. For all of the Technology Licensing Specialists ("TLS") hired in the Office of Technology Transfer ("OTT") from 2000 to present at the GS-13 and GS-14 level, produce all documents which identify the employee and the employee's gender; the employee's application packet, resume, SF-50 and other personnel forms, prior work experience and education, and any documents indicating the salary of the employee prior to employment with the Agency.

4. For all of the Technology Licensing Specialists ("TLS") hired in the Office of Technology Transfer ("OTT") from 2000 to present at the GS-13 and GS-14 level, produce the official personnel file of each employee, including, but not limited to, evaluations, awards, bonuses, training, documents relating or referring to education and work experience of each employee, and other SF-50 and personnel forms.

5. For all of the Technology Licensing Specialists ("TLS") hired in the Office of Technology Transfer ("OTT") from 2000 to present at the GS-13 and GS-14 level, produce all documents referring or relating to any and all bonus and/or other monetary incentive received by upon their hire, including but not limited to,

the SF-50 Form; the type of bonus and/or other monetary incentive received; the amount of the bonus and/or other monetary incentive; when the bonus and/or other monetary incentive was given to the employee; the gender of the employee who received the bonus and/or other monetary incentive; and any documents referring or relating to Defendant's decision-making and/or rationale for determining whether a bonus and/or other monetary incentive would be awarded.

6. For all of the Technology Licensing Specialists ("TLS") in OTT who received a career-ladder promotion or who were non-competitively promoted to the GS-14 level from 2000 to present, produce all documents which identify the employee and the employee's gender; the position and date of each promotion; the type of promotion each employee received; the Position Description for the position to which the employee was promoted; the SF-50 forms for the promotion; documents relating or referring to education, work experience and performance of the employee; and any documents indicating the salary of the employee.

7. For all of the Technology Licensing Specialists ("TLS") in OTT who received a career-ladder promotion or who were non-competitively promoted to the GS-14 level from 2000 to present, produce the official personnel file of each employee, including, but not limited to, evaluations, awards, bonuses, training, documents relating or referring to education and work experience of each employee, and other SF-50 and personnel forms.

8. For all of the Technology Licensing Specialists ("TLS") at the GS-13 and GS-14 level in OTT from 2000 to present, produce all documents referring or relating to each and every performance or merit award, and/or any other type of bonus given

to any TLS employees, including but not limited to, the SF-50 Form; the type of award or bonus received; the amount of the award; when the award or bonus was given to the employee; the gender of the employee who received the award or bonus; and any documents referring or relating to Defendant's decision-making and/or rationale for determining whether a bonus would be awarded.

9. Produce any and all documents referring or relating to the factors, criteria, rules, regulations, directives, policies and/or procedures, whether formal or informal, oral or written, which were utilized and/or relied upon by the Agency with respect to hiring employees at the GS-13 level for a TLS position in OTT.

10. Produce any and all documents referring or relating to the factors, criteria, rules, regulations, directives, policies and/or procedures, whether formal or informal, oral or written, which were utilized and/or relied upon by the Agency with respect to hiring employees at the GS-14 level for a TLS position in OTT.

11. Produce any and all documents referring or relating to the factors, criteria, rules, regulations, directives, policies and/or procedures, whether formal or informal, oral or written, which were utilized and/or relied upon by the Agency with respect to the Agency's policy regarding career-ladder and/or non-competitive promotion of TLS employees in OTT for GS-601-14 positions.

12. Produce any and all documents referring or relating to the factors, criteria, rules, regulations, directives, policies and/or procedures, whether formal or informal, oral or written, which were utilized and/or relied upon by the Agency with respect to giving a bonus and/or other monetary incentive to a TLS employee at the GS-13 and GS-14 level in OTT upon their hire.

13. Produce any and all documents referring or relating to the factors, criteria, rules, regulations, directives, policies and/or procedures, whether formal or informal, oral or written, which were utilized and/or relied upon by the Agency with respect to giving any performance or merit award, and/or any other type of bonus, to a TLS employee at the GS-13 and GS-14 level in OTT.

14. Produce any and all documents referring or relating to the factors, criteria, rules, regulations, directives, policies and/or procedures, whether formal or informal, oral or written, which were utilized and/or relied upon by the Agency with respect to determining demonstrated ability to work successfully at the next grade level in regard to career ladder promotions.

15. Produce any and all documents referring or relating to the factors, criteria, rules, regulations, directives, policies and/or procedures, whether formal or informal, oral or written, which were utilized and/or relied upon by the Agency with respect to the Agency's decision to deny Dr. Carson a promotion to the Technology License Specialist (TLS), GS-601-14 position.

16. Produce any and all documents referring, relating to, or relied upon by the Agency in its decision-making to deny Dr. Carson a promotion to the Technology License Specialist (TLS), GS-601-14 position.

17. Produce any and all documents referring or relating to any and all conversations, discussions, and/or communications Mr. Duffney, Mr. Ferguson and Mr. Rohrbaugh had concerning the denial of Dr. Carson's career ladder promotion to the GS-14 level.

18. Produce any and all documents referring, relating to, or relied upon by the

Agency in its decision-making to hire Dr. Carson to the Technology License Specialist (TLS), GS-601-13 position.

19. Produce any and all documents referring, relating to, any and all TLS employees in OTT at the GS-13 or GS-14 levels, from 2000 to present, who have missed a patent bar date, or who were counseled for some other performance issue, and indicate their gender and whether they were ever promoted and/or received a performance bonus.

20. In Defendant's Answer to the Complaint, Defendant asserts that, "any difference in pay between plaintiff and male co-workers was based upon factors other than sex." Produce any and all documents referring, relating to, or relied upon by the Defendant in asserting this affirmative defense.

21. Produce any and all documents referring or relating to how "factors other than sex" are reflected in the pay differential between the employees identified by Defendant in response to Plaintiff's Interrogatories 1, 2, 3 and 4, including, but not limited to, Defendant's decision-making and/or rationale for determining the pay differential; and all factors, criteria, policies and/or procedures, whether formal or informal, oral or written, utilized by the Defendant in its decision-making.

22. Produce the Position Description for the TLS position in OTT from 2000 to present for the GS-13 and GS-14 level.

23. Produce any and all documents referring or relating to any and all differences in skill, effort, responsibility, essential job elements, and working conditions for the GS-13 and 14 level TLS position in OTT and specify how any such factors

determine hiring rates and pay increases for these employees.

24. Produce any and all documents referring or relating to the job classification system for all TLS employees in OTT at the GS-13 and 14 level, including, but not limited to, the factors determining hiring rates and pay increases for these employees.

25. Produce any and all documents referring or relating to the compensation system for all TLS employees in OTT at the GS-13 and 14 level, including, but not limited to, the factors determining hiring rates and pay increases for these employees.

26. From 2000 to the present, produce any and all documents referring or relating to any allegations, charges, complaints, correspondence, or claims made, whether formal or informal, in any forum, administrative, court or alternative dispute resolution, by any current or former employee in the OTT against Defendant alleging any type of Equal Pay Act and/or sex-based wage claim.

27. Produce any and all documents that refer or relate to any matter or claim raised in Dr. Carson's Complaint.

28. Produce any and all affidavits, declarations or statements obtained by Agency from any witness(es) of Agency or any witness(es) Agency intends to call during the trial of this matter.

29. Produce any and all documents and/or exhibits the Agency intends to use at the trial in this matter.

30. Produce each and every document relevant to any defense Agency intends to raise against the allegations made by Plaintiff Carson in her Complaint.

Dated: April 6, 2006

Respectfully submitted,

Camilla C. McKinney, Esq.
Law Office of Camilla C McKinney, PLLC
1100 Fifteenth Street, N.W., Suite 300
Washington, D.C. 20005
(202) 861-2934/(202) 517-9111(fax)
**Attorney for Plaintiff Dr. Susan Carson**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2006, I caused a true and correct copy of the foregoing Plaintiff's First Request for Documents to Defendant to be sent via Facsimile and U.S. Mail, postage prepaid, to:

James D. Colt, Trial Attorney
Commercial Litigation Branch/Civil Division
United States Department of Justice
1100 L. Street, N.W.
Washington, DC 20530
(202) 305-7644 (facsimile)
(202) 305-7562

Camilla C. McKinney